## THE STATE v. FIDMENT.

1. Criminal law: DUPLICITY OF INDICTMENT. Indictment, charging that defendant, on the 6th day of September, 1871, set fire to and burned a stack of hay of the value of $300, and on the same day did burn a building used as a stable and granary. *Held*, that the indictment was bad for duplicity in charging two offenses.

2. —— But if the defendant do not assail it on this ground, he may, nevertheless, require the prosecutor to elect upon which charge he will proceed.

3. —— EVIDENCE: CONFESSION. Confessions which are not voluntarily made, but drawn out through the inducements of hope or fear, are absolutely inadmissible against the prisoner.

4. —— *Hence*, whether confessions proposed to be introduced are of this character is a question of law for the court, to be determined on preliminary testimony, which it is the right of defendant to introduce and the court to receive.

*Appeal from Blackhawk District Court.*

MONDAY, DECEMBER 18.

DEFENDANT was indicted and convicted of burning a stack of hay and a stable and granary, the property of Samuel Canfield, and, being under the age of twelve years, was sentenced to the reform school for the term of two years; he appeals to this court.

*Boies, Allen & Couch* for the appellant.

*M. E. Cutts*, attorney-general, for the State.

BECK, Ch. J.— I. The indictment charges that defendant on the 6th day of September, 1871, set fire to and burned a stack of hay of the value of $300; and on the same day did burn a building used as a stable and granary. At the trial the counsel

of defendant moved the court to require the State to elect upon which count of the indictment defendant should be put on trial. The motion was overruled. It should have been sustained. That the indictment was intended to charge the commission of two distinct offenses, is made plain by the fact that evidence of separate acts on different days was permitted to be introduced at the trial. The indictment is bad (Rev., § 4654), and while it could have been otherwise assailed the prosecutor ought to have been required to elect upon which charge he would proceed. *The State* v. *McPherson*, 9 Iowa, 53.

II. A witness was introduced to prove confessions of the crime made by defendant. Before he had given such evidence, defendant's counsel proposed to then examine the witness as to promises or inducements held out to the defendant under the influence of which the confessions were made. This was not allowed by the court.

2. —— evidence: confessions.

Confessions which are not voluntarily made but are extorted, through hope or fear caused by inducements held out to the prisoner, are not competent evidence against him. Whether confessions proposed to be introduced in evidence against a prisoner are of the character just indicated, is a question to be determined by the court. It is therefore the duty of the court to receive preliminary evidence upon the competency of confessions under this rule, and thereon determine the question of their admissibility. 1 Greenl. Ev., § 219; 1 Phillips' Ev. (Cow. & Hill's and Edwards' Notes), 542–3. The court erred in refusing to admit the evidence offered as to inducements held out to defendant under which the confessions were made.

III. The following among other instructions was given to the jury: "Deliberate and voluntary confessions of guilt corroborated by other proof of the fact that the crime confessed has been committed by some person, are among the most satisfactory proofs of the defendant's guilt;

but confessions made when the mind has been in any manner influenced by hope or fear, are to be regarded with much caution, and if not voluntarily made, may be disregarded."

Confessions drawn from the prisoner by hope or fear are, as we have seen, inadmissible as evidence against him. If evidence of such confessions was before the jury, it should have been disregarded, and it was the duty of the court to have instructed the jury to that effect. But the jury was told that confessions not voluntarily made are to be received with caution and may be disregarded; they should have been directed to disregard them without any qualification. See authorities just referred to and those cited in Wharton's Am. Criminal Law, § 685.

There are other points made by the defendant's counsel which need not be considered, as the judgment of the district court, for the errors above pointed out, must be

Reversed.