The State v. Quinton.

### THE STATE v. QUINTON.

1. **Bastardy :** VERDICT: EVIDENCE TO SUPPORT This court cannot say that the court below erred in refusing to set aside the verdict of a jury in a bastardy case, where a similar verdict had been found on a former trial, and where nothing appears to indicate that the jury was influenced by passion or prejudice, notwithstanding the preponderance of the evidence may have been in favor of the defendant.

2. ———: JURY: MISCONDUCT OF: EVIDENCE OF. An affidavit of an attorney in a bastardy case to the effect that certain members of the jury told him that, in arriving at their verdict, they considered the resemblance between the child, which was in court but not in evidence, and the defendant, is hearsay evidence, and is not to be considered.

*Appeal from Lee District Court.*

THURSDAY, SEPTEMBER 21.

THIS action was brought upon the complaint of one Christina Halbasch to charge the defendant as the father of a bastard child. There was a trial to a jury, and verdict and judgment were rendered against the defendant, who now appeals to this court.

*Casey & Casey,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

ADAMS, J.—I. The defendant assigns as error that the verdict is not supported by the evidence. But the complainant testifies positively that the defendant was the father of the child. And while several facts were shown tending greatly to impair the complainant's credibility, and while the defendant testifies positively that he was not the father of the child, and never had sexual intercourse with the complainant, we see very little, if anything, to indicate that the jury was influenced by passion or prejudice. It may be that there was a preponderance of evidence in favor of the defendant. The court below, it appears, in passing upon the motion for a new trial, stated that such was his opinion. But it appears that he did not regard the preponderance such as to justify him in setting aside the verdict, and especially as there had been a former trial resulting in a verdict of the same kind. We cannot say that the court erred.

II. The defendant alleges that the jury was guilty of misconduct in that they allowed their virdict to be determined by a supposed resemblance between the child and the defendant, when the child was not introduced in evidence, but was merely casually seen by the jurors, or some of them, while sitting in the court room. The motion for a new trial was based in part upon this ground, and supported by an affidavit of D. N. Sprague who, it appears, was one of the attorneys engaged in the trial of the case.

The affidavit was to the effect that he was told by several of the jurors that the subject of the child's resemblance to the defendant was discussed by the jury, and that some of them thought it was such as to justify a finding against the defendant.

Whether this misconduct, if properly shown, was such as to justify us in setting aside the verdict, we need not determine. The only evidence before us is as to what some of the jurors told Sprague. The evidence, we think, comes under the objection of being hearsay evidence, and is not entitled to be considered. We think that the judgment must be

AFFIRMED.