STATE OF IOWA, Appellee, v. EDGAR SKAGGS, Appellant.

**Criminal law:** BURGLARY: CONFESSION: EVIDENCE. Admission by defendant of a fact competent in establishing his guilt of the crime charged may not be equivalent to a confession of the crime: Thus where defendant charged with burglary was told by the officer that the state had positive proof of his guilt but that if he would give up the stolen property it would save the necessity of locking him up and procuring a search warrant, and without protest he produced the stolen property, his admission of the theft was not a confession of the burglary, though competent evidence thereof; nor was it the result of duress.

**Same:** EVIDENCE. The admission of evidence not tending to connect a defendant with the crime charged is not prejudicial: Thus the statement of defendant when arrested that if the officer would ease up on him he could furnish him with valuable information concerning matters in the community, was not prejudicial.

**Same:** CONDUCT OF ACCUSED: CROSS-EXAMINATION OF ACCUSED. Where a defendant has made no claim that he was influenced by fear to make certain statements respecting his connection with the crime charged, the cross-examination of a witness who had detailed the statements, which failed to direct the attention of the witness to any particular statement, was properly refused.

**Same:** INSTRUCTION: INFRINGING ON PROVINCE OF JURY. On a prosecution for breaking and entering in which the defendant claimed to have entered the building through an opening already made, an instruction that the jury should consider the defendant's testimony and also the evidence as to how .the opening was made, and whether it was reasonable that a person would make an opening large enough to go through unless intending to enter the

building, while argumentative and intrenching on the province of the jury, is held to have been without prejudice.

*Appeal from Page District Court.*—HON. W. R. GREEN, Judge.

MONDAY, DECEMBER 18, 1911.

THE defendant appeals from a judgment of conviction entered against him on a charge of burglary.—*Affirmed.*

*Earl R. Ferguson* and *C. R. Barnes,* for appellant.

*George Cosson,* Attorney-General, and *John Fletcher,* Assistant Attorney-General, for the State.

WEAVER, J.—The defendant was accused of breaking and entering a certain shooting gallery in the city of Shenandoah in which A. F. Carlson and S. J. Roscoe kept certain goods and wares, with intent on part of said defendant to commit larceny. On the evening of the 24th of December, 1910, Carlson and Roscoe, who were conducting the shooting gallery, locked up the building and went away, and it was not reopened until the morning of December 26, 1910, when it was discovered that a pane or sash of glass in the front door had been broken, evidently by some force applied from the outside, and a gun which had been left in the room was not to be found. The defendant being arrested upon suspicion of complicity in the act and advised to give up the gun, thereby avoiding the necessity of a search warrant, he went with the officer to the room occupied by him and produced it from its place of concealment among articles of clothing. He does not now deny stealing the gun, but denies that he broke open the building from which it was taken. His story told on the witness stand is that, passing the door in question on the evening of

December 25th, he discovered the broken pane in the door, and, yielding to the temptation thus suggested, he entered and procured the gun without having in any manner been connected with the breaking of the building. In its charge to the jury the court gave the defendant the benefit of this theory of his defense and instructed that actual breaking was an essential element of the offense for which defendant was indicted, and that if he entered the building through an opening which he found already made he was not guilty of burglary. The jury were further instructed that defendant was in the first instance presumed to be innocent, and that he should not be found guilty until each and every element of the offense was found to be established by the evidence beyond a reasonable doubt. It is very manifest from this statement that the verdict of guilty can not be successfully assailed as being without sufficient support in the evidence, and, if a new trial is to be ordered, it must be upon some ruling or instruction involving error to the defendant's prejudice. The principal errors assigned by counsel are as follows:

I. It is said the court improperly admitted evidence of confessions of the defendant made, under duress, to the officers who arrested him. The fact seems to be that on making the arrest the officer told defendant the state had quite positive proof of his guilt, and that if he would give up the gun it would save the necessity of locking him up while a search warrant could be procured for its discovery. Without any apparent protest by him, and without offer of immunity or clemency by others, he proceeded with the officer to his room and delivered up the gun. This falls materially short of a confession obtained by duress or by promise or hope of immunity or reward. In the first place, it was not a confession at all of the crime for which he was indicted—burglary. It is true that the possession of the gun so soon after it was stolen was evidence strongly

1. CRIMINAL LAW: burglary: confession: evidence.

tending to show his guilt of the theft; but for that offense he was not being tried. It is also true that, if the jury found and believed that the building was wrongfully broken open by someone, and that by means of the opening so made some person at or about the same time entered the building and stole the gun, proof that defendant committed the theft would justify the inference that he did the breaking and that it was done with the intent to commit such larceny; but the admission of a fact which may be competent evidence in establishing the defendant's guilt is by no means equivalent to a confession of the crime charged. *State v. Moran,* 131 Iowa, 648. Without dwelling upon the proposition, it is enough for the purposes of the present case to say the record negatives any suggestion that defendant's statements or admissions, whatever their character, were obtained by threats or promises on part of the officers having him in charge. He makes no such claim himself when testifying as a witness. He admitted the theft of the gun before the committing magistrate, and, while he evidently hoped thereby to induce leniency in the prosecution, there is an utter absence of proof of any promise made to him to influence such disclosure. So far as appears, he has at all times denied the breaking.

II. The officer making the arrest was permitted to testify that defendant said to him: "I am up against it. If you ease up on me, when I get out I am next to a whole lot in Shenandoah and can be of a lot of benefit to you." This expression was said

2. SAME: evidence.

to have been used with reference to some other public offense in that city. The admission of this evidence is objected to on the ground that it tended to connect the defendant with some other crime than the one for which he was being tried and thereby prejudiced him in the minds of the jury. Such was by no means the necessary meaning of the testimony. Defendant might well be able to give valuable assistance to the officer in ferreting out another

offense without being himself in any wise implicated therein. It would be unreasonable to presume that defendant suffered material prejudice on this account.

III.   On cross-examination of the officer making the arrest he was asked: "Did the boy make some of these statements because he was afraid or scared apparently?"

3. SAME: conduct of accused: cross-examination of accused.   Also: "Did not he appear to be trying to shield himself and try to throw himself on you fellows' mercy and Judge Castle at that time?" And the answer was excluded on the state's objection. This ruling is also complained of. It was clearly correct. If for no other reason, the inquiry was inadmissible because it does not direct the witness' attention to any particular statement. The young man himself made no claim that he was in any way influenced by fear, and the mere fact that he was trying to shield himself or throw himself on the mercy of the state would not affect the admissibility of his statements.

IV.   In charging the jury upon the subject of the alleged breaking of the building, the court, among other things, used the following language: "In determining this

4. SAME: instruction: infringing on province of jury.   question you should take into consideration not only the direct testimony of the defendant, but also what the testimony shows with reference to how the opening in question was made and where the glass was found which came from it. As the glass of the door in the building in question was broken, it must have had a cause which either arose from some action of the elements or the action of some person, and, if you are satisfied that it was broken by some person, then you should also consider whether it is reasonable that such person would break an opening large enough to admit his body without obstruction unless he intended to enter the building thereby." To this instruction the appellant takes exception. In view of the entire record, we are not prepared to say that this statement could have prejudiced the

defense; but it is proper to suggest that the language quoted can not be approved. It partakes too much of argument and presses too close upon the domain of the jury in its mention of inferences to be drawn from given facts, a method of instruction which should be avoided. As already intimated, however, we do not regard the error as one calling for a reversal. The case as a whole was tried with marked fairness, and the verdict is so well supported by the evidence we are not disposed on this ground alone to disturb the judgment below.

Error is also assigned upon instructions given concerning the effect of testimony impeaching the general moral character of witnesses and upon defendant's explanation of the means of his entrance of the building.

The law as laid down in these instructions is in substantial harmony with those ordinarily given, in such cases, and as they have frequently been approved, we need not extend this opinion for their discussion. We have examined the record with reference to all the exceptions taken by the defendant and find no cause for ordering a new trial.

The judgment of the district court is *affirmed.*