STATE OF IOWA, Appellee, v. MANLY AYERS, Appellant.

**Appeal:** REVIEW OF INSTRUCTIONS. Rulings upon instructions requested
1 and refused, purporting to be predicated upon the evidence, will not
be reviewed where the evidence is omitted from the abstract; as
their relevancy to the evidence is not made to appear.

**Criminal law:** INSTRUCTIONS: INTENT. Where defendant, charged
2 with assault with intent to rape, was found guilty of assault
simply, refusal of instructions concerning what would constitute
the criminal intent charged was not matter of which he could
complain.

**Same:** INSTRUCTION DEFINING ASSAULT. An appropriate definition of
3 assault in a given case is somewhat dependent upon the evidence;
and where the abstract does not contain the evidence the definition
given by the court will be presumed on appeal to be applicable
thereto, when not abstractly erroneous.

*Appeal from Davis District Court.*—HON. D. M. ANDERSON,
Judge.

THURSDAY, FEBRUARY 12, 1914.

THE indictment against the defendant charged him with
assault with intent to commit rape. Upon trial had, a verdict was rendered finding him guilty of assault only. From
a judgment imposing a fine, the defendant has appealed.—
*Affirmed.*

*Payne & Goodson*, for appellant.

*George Cosson*, Attorney General, and *John Fletcher*, Assistant Attorney General, for the State.

EVANS, J.—I. The appellant omits in his abstracts all reference to the evidence. The case is submitted here upon abstract questions only and upon such as appear to arise upon instructions refused and instructions given.

1. APPEAL: review of instructions. At the close of the evidence the defendant submitted to the trial court eight instructions, all of which were formally refused although some of them were substantially incorporated by the court in instructions given upon its own motion. Complaint is made of such refusal. There are two conclusive reasons why defendant is in no position to complain at this point. The first is that the applicability of these instructions to the evidence in the record is not made to appear in the abstract. All the evidence having been omitted from the abstract, the relevancy of such instructions cannot be made to appear to us. Nearly all of these instructions purport to be predicated upon the state of the evidence. For aught that appears, the evidence in the record did not justify their giving.

The second reason is that such instructions relate almost entirely to the criminal intent charged against the defendant in the indictment. These instructions emphasize the persistency necessary to characterize the criminal intent charged in the indictment, and that the defendant must have intended to accomplish his purpose by force and against the will of the injured female, "at all events or hazards notwithstanding any resistance on her part." The contention now is that the trial court did not sufficiently emphasize this requirement of proof on the part of the state. This is the burden of the argument that runs through appellant's entire brief. As already indicated the jury failed to find the defendant guilty of the intent charged, and found him guilty of assault only. On the subject of intent, therefore, the defend-

2. CRIMINAL LAW: instructions: intent.

ant is in no position to complain of the refusing or giving of any instruction.

II. The defendant complains of an instruction given in definition of an assault as follows: "An assault is the unlawful attempt to inflict violence upon the person of another." An appropriate definition of "assault" in a given case is more or less dependent upon the evidence in such case. That is to say: A definition abstractly proper might not be appropriate to the evidence in a particular case. The definition given by the trial court in this case is not abstractly erroneous. In the absence of all evidence, we must presume that it was applicable to the evidence. The case at this point is quite controlled by *State v. Wyatt*, 76 Iowa, 328. The definition shown in that case is substantially the same as appears here. The cited case is like the present one in that no evidence was included in the abstract, and the presumption was indulged that the definition was appropriate to the evidence.

3. SAME: instruction defining assault.

We find no other assignment of error which is not fully met by the suggestion already made of the absence of all evidence from the abstract, and of the fact that the jury failed to find the defendant guilty of the intent charged in the indictment. The judgment of the district court must therefore be *Affirmed*.

LADD, C. J., and WEAVER and PRESTON, JJ., concur.