STATE OF IOWA, Appellee, v. ROY FORTUNE, Appellant.

**INDICTMENT AND INFORMATION:** Dismissal and Resubmission.
1 Indictments may, on motion of the county attorney, be dismissed because of illegality in the selection and drawing of the grand jury, and the causes be resubmitted to a new grand jury.

**CRIMINAL LAW:** Instructions—Presumption. The appellate court
2 will, in the absence of the evidence, presume that the instructions were applicable to the said evidence.

**CRIMINAL LAW:** Instructions—Good Character. Instruction reviewed, and held to properly direct the jury as to the effect of evidence of the good character of the accused.

**CRIMINAL LAW:** Instructions—Confession. The court need not instruct that "a confession alone is not, in and of itself, sufficient to justify a conviction," when the so-called confession is nothing more than an admission from which guilt may be inferred.

**LARCENY:** Evidence—Possession of Recently Stolen Property. Principle reaffirmed that it is not erroneous to instruct the jury that the unexplained possession of recently stolen property *may* justify a verdict of guilty of the larceny.

*Appeal from Wright District Court.*—G. D. THOMPSON, Judge.

NOVEMBER 20, 1923.

DEFENDANT was indicted, tried and convicted of the crime of breaking and entering. Judgment was entered committing him to the county jail of Wright County, Iowa, for a period of ten months. Defendant appeals.—*Affirmed.*

*Martin & Alexander,* for appellant.

*Ben J. Gibson,* Attorney General, *Maxwell A. O'Brien,* Assistant Attorney-general, *J. A. Rogers,* and *J. M. Jenson,* County Attorney, for appellee.

DE GRAFF, J.—The defendant was indicted by the grand jury of Wright County, Iowa, for the crime of breaking and entering. Prior to the instant indictment it appears that the defendant with others had been indicted for the same offense. On motion of the county attorney these indictments were dismissed on the ground that the grand jury lists and panel were not selected and drawn as required by statute. Upon the hearing on the objections the court sustained the motion, dismissed the indictments and ordered the charge against the defendant to be resubmitted to the grand jury at the next term of court. Of this appellant complains, but there is no merit in this assignment of error. The indictment was returned within the statutory period of limitation and the statute is a sufficient authority for a resubmission. Sections 5319, 5324 and 5326, Code 1897. *State v. Bige,* 195 Iowa 1342; *State v. Fortune,* 196 Iowa 884.

1. INDICTMENT AND INFORMATION: dismissal and resubmission.

It is contended that certain instructions given by the court to the jury are erroneous. As the trial evidence is not properly before us, we will indulge a presumption in favor of the correctness of the instructions in their relation to the evidence produced upon the trial. *State v. Ayers,* 163 Iowa 631; *State v. Owens,* 109 Iowa 143; *State v. Frutiger,* 167 Iowa 550. We will, however, specifically note the legal objections lodged by appellant against the instructions.

2. CRIMINAL LAW: instructions: presumption.

Ownership of the building in question is an essential ingredient of the crime charged. The indictment alleged that the store building broken and entered was "then and there the property of George H. Wheeler," and that the goods, wares and merchandise therein "were kept for sale, used, and deposited by the said George H. Wheeler." The indictment was read into the court's instructions and it is the accepted rule that it is not necessary to specifically instruct on matters admitted or established beyond dispute. We will not presume prejudice. *State v. Sparegrove,* 134 Iowa 599. There can be no question that the jury understood that before a conviction was justified it must find the fact of ownership as alleged in the indictment.

Did the court correctly instruct on the subject of good char-

acter as a defense? The jury was told that if the evidence introduced by the defendant as to his good character and the presumptions as to good character, when considered with all the other facts and circumstances disclosed by the evidence, "creates in your minds a reasonable doubt as to his guilt, you should return a verdict of not guilty." This is a statement of correct legal principle and was approved in *State v. Fortune*, 196 Iowa 884. See also *State v. O'Callaghan*, 157 Iowa 545.

**3. Criminal law: instructions: good character.**

It is contended that the court erred in failing to instruct on an alleged confession of the defendant in that the jury was not told that "the confession alone is not sufficient to convict, but must be corroborated by other evidence." Section 5491, Code 1897. This assignment is predicated on the assumption that the defendant made a confession of the crime charged. There was no confession. Exhibit 18 introduced in evidence is a mere admission or declaration of the defendant that he with others "robbed the George Wheeler store" and that "we took about forty-five leather vests, eight wool blankets, twenty-five neckties, three pair of shoes, four pillows, two sweaters, and some jewelry." A confession of guilt is an admission of the criminal act itself, and not an admission of facts or circumstances from which guilt may be inferred. *State v. Cook*, 188 Iowa 655; *State v. Skaggs*, 153 Iowa 381.

**4. Criminal law: instructions: confession.**

Lastly it is claimed that the instruction bearing on the "possession of goods recently stolen" is not in harmony with our prior decisions. This question has frequently been before this court and it is not strikingly strange that some inconsistency in statement should be found in opinion. In the instant case the jury was instructed in substance that the possession of goods recently stolen from a building by breaking and entering, without reasonable explanation that the goods were obtained otherwise than in the commission of the crime of breaking and entering, is sufficient evidence to warrant the conclusion that the person having such possession is the person who broke and entered the building, unless the evidence showing such possession and the other facts and circumstances as disclosed by the evidence, create

**5. Larceny: evidence: possession of recently stolen property.**

a reasonable doubt whether the person so having possession of said goods came into the possession of same otherwise than by the breaking and entering of the building in which such goods were kept.

Clearly the intent and content of this instruction would not be misunderstood by a jury. Its language is not subject to the criticism which frequently finds a place in our opinions as neither by reference nor inference is there indicated a presumption of guilt to be overcome by the defendant. See *State v. Ivey*, 196 Iowa 270. The recent possession by the defendant of goods taken from a building feloniously broken and entered is an evidential fact and unless the evidence in relation to that possession and the explanation thereof creates a reasonable doubt of the defendant's guilt, a jury is justified in returning a verdict of guilty. In other words, if the evidence shows beyond a reasonable doubt that the goods, wares and merchandise in question were taken at the time of the breaking and entering and that said goods were recently in the possession of the defendant a jury is warranted in finding him guilty. We adhere to the rule concisely stated in *State v. Perry*, 165 Iowa 215. It is said, "If the stolen goods, or a part of them, were found in the possession of the defendant recently after the larceny, this, in and of itself, would be enough, if his possession was unexplained, to justify a jury in finding that he was the man who committed the crime charged." The defendant is in a position to explain that possession and this circumstance does not relieve the State of its burden of establishing the essential ingredients of the crime charged beyond a reasonable doubt.

Upon a full consideration of the issues presented the judgment is—*Affirmed.*

PRESTON, C. J., STEVENS and ARTHUR, JJ., concur.