STATE OF IOWA, Appellee, v. GLENN KRESS, Appellant.

CRIMINAL LAW: Appeal—Review—Questions of Fact. The findings 1 of fact by the jury in criminal cases, on fairly supporting testimony, are conclusive on appeal.

CRIMINAL LAW: Trial—Verdict—Unallowable Impeachment. A ver- 2 dict in a criminal case may not be impeached by affidavits as to matters which necessarily inhere in the verdict. (See Book of Anno., Vol. I, Sec. 13944, Anno. 49 *et seq.*)

CRIMINAL LAW: Trial—Rebuttal to Sustain Confession. Presump- 3 tively, a confession by an accused in a criminal case is voluntary, and if the accused attacks the presumption, the State necessarily

must have the right to sustain the presumption by rebuttal testimony. (See Book of Anno., Vol I, Sec. 13846, Anno. 21 *et seq.*)

CRIMINAL LAW: Evidence—Confessions—Jury Question. A conflict
4   of testimony on the issue whether an alleged confession was voluntary necessarily generates a jury question. (See Book of Anno., Vols. I, II, Sec. 13903.)

Headnote 1: 17 C. J. p. 256. Headnote 2: 16 C. J. p. 1239 (Anno.) Headnote 3: 16 C. J. pp. 733, 734 (Anno.) Headnote 4: 16 C. J. p. 927.

Headnote 1: 2 R. C. L. 194. Headnote 3: 18 L. R. A. (N. S.) 783; 50 L. R. A. (N. S.) 1081; 38 A. L. R. 118; 1 R. C. L. 580, 581. Headnote 4: 1 R. C. L. 583.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 15, 1927.

Defendant was tried on an indictment charging robbery with a deadly weapon. He was found guilty as charged, and judgment was entered, in conformity to law. Defendant appeals.—*Affirmed.*

*Holly & Holly,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

DE GRAFF, J.—On the evening of October 23, 1924, about 8:30 o'clock, one H. D. Fisher, when in front of his home, located at 3000 High Street, Des Moines, was suddenly and peremptorily ordered to "stick them up," which command was emphasized by the pressure of a revolver into his back. Two men were responsible for the incident in question. On this occasion, Fisher was relieved of his money. The robbery was immediately reported by Fisher to the police department, and a description of the two men was given. Subsequently, Fisher was called to the office of the city detective, to identify two suspects under arrest. He concluded that these were not the men. Later, he was again called to the police station, to identify two other men that were held in custody. At this time, he did identify the suspects as the men who had accosted and

robbed him on the evening in question. These two men were the defendant, Glenn Kress, and one Forest West.

On the day following the identification, Kress, in the presence of several police officers, signed the following statement:

"Exhibit No. 1.

"February 7th, 1925.

"My name is Glenn Kress and state that I and Forest West went out on the west end and held up a man named H. D. Fisher, 3000 High Street and we got $5.75 cash. We split this money 50-50. This robbery was about 8 or 8:30 P. M. I don't remember whether we walked out to this place or took a street car out. I went through Fisher's pockets while West held a gun on him. This was the first stick up job I ever pulled. How I know Fisher was the man we held up was I read about the holdup the next day in the newspapers.

"[Signed] Glenn Kress.

"Witnesses:

"R. E. Clarkson

"S. E. Delmage

"Enoch Nichols."

West also made a confession to certain officers of his participation in this crime. It is also shown that Kress had, prior to the time of this robbery, been convicted of assault to do great bodily injury.

With this brief review of the factual side of this case, we inquire what errors are relied upon by appellant for a reversal.

1. The first challenge is directed to the sufficiency of the evidence to sustain the verdict. This point deserves but brief notice. There was evidence which, if believed by the jury, warranted the verdict of guilty. A verdict under such circumstances will not be disturbed on appeal. This court will not substitute its conclusion upon the facts for the verdict of the jury, unless from the entire record it appears that there is such a want of support for the finding as will require reversal. *State v. Derry,* 202 Iowa 352; *State v. King,* 198 Iowa 325.

1. CRIMINAL LAW: appeal: review: questions of fact.

The identification of the defendant presented a fact question. *State v. Kelly,* 202 Iowa 729. Whether the defendant signed the statement of confession by reason of any direct or

implied promise or hope of reward, or because of compulsion, threats, duress, intimidation, coercion, or fraud, also presented a fact question. These matters were fully submitted to the jury in unchallenged instructions.

2. It is next urged that the verdict was the result of passion and prejudice, and consequently the defendant did not receive a fair and impartial trial. We find no basis whatever

2. CRIMINAL LAW: trial: verdict: unallowable impeachment.

upon which to predicate this claim. Appellant filed his motion for new trial, to which were attached the affidavits of two sisters of the defendant's. In each of these affidavits it is recited that the sisters were in the rest room in the courthouse while the jury was deliberating on the case; that there seemed to be considerable confusion and loud talking during the deliberation of the jury, as though the members of the jury were on the verge of quarreling; and that purported statements and opinions of some of the jurors, bearing on the evidence, are recited in said affidavits.

A verdict may not be impeached by affidavits relative to matters which inhere in the verdict. *State v. Snyder,* 185 Iowa 728; *State v. Nott,* 168 Iowa 617; *State v. Tyler,* 122 Iowa 125; *State v. Quinton,* 59 Iowa 362.

3. Error is predicated on the admission of rebuttal testimony offered by the State to meet certain testimony of witnesses for the defendant with relation to physical force used

3. CRIMINAL LAW: trial: rebuttal to sustain confession.

against one Shepherd to secure a confession from him, about the time that the defendant Kress was a county jail inmate. The Shepherd incident in the first instance found lodgment in the record by reason of the cross-examination of certain police officers called as witnesses by the State to identify the confession of the defendant Kress, and the circumstances under which it was made, signed, and witnessed.

When the State rested, the defendant called witnesses to establish the fact that the police officers in the city of Des Moines did sometimes use "third-degree methods," and Shepherd, as a witness, was permitted to testify that, while he was in jail, he was accused of robbery of some kind, and while there, "was struck by one of the detectives. That was just a little after Glenn Kress was arrested." The incident of force in this

particular was denied by every police officer who was present.

It was also shown by the State that such methods were not used in securing a confession from anyone. Clearly, in the light of the evidence permitted to be introduced on behalf of the defendant, the State was privileged to rebut, and thereby meet the issue injected by the defendant. The State was under no obligation to anticipate or to affirmatively refute a matter of this character as part of its main case. The presumption exists that a confession is voluntary. *State v. Joy,* 203 Iowa 536. When evidence is introduced to the contrary, a conflict arises, which the jury must determine, under a proper instruction. In the instant case, the jury spoke under a correct instruction.

4. Lastly, it is urged that the statement of confession, Exhibit 1, made by the defendant, was inadmissible. This assignment again raises the question of the voluntary character

4. CRIMINAL LAW: evidence: confessions: jury question.

of the confession as made. It is indisputably shown that several persons were present at the time the confession was signed. Each of these persons, called as a witness on behalf of the State, testified that the recitals as found in the written statement were freely and willingly made, and that the defendant was not threatened by anyone, and there was no resort to force, coercion, or promises.

On the witness stand, defendant Kress denied that he knew Forest West, his accomplice, on October 23, 1924, when the alleged robbery occurred. He denied that to his knowledge he had ever been on Thirtieth and High Streets, where Fisher lived, and where the robbery took place. He denied that in October, 1924, he knew where High Street was. He denied that he told the officers that he was on High Street in October, 1924. He denied that he had ever read anything about the robbery in the newspapers, or knew anything about it. Bearing on the question of coercion, he testified:

"I told them [officers] I didn't know anything about it; but in the meantime, Officer Clarkson had prepared a statement, and put this statement in front of me, and told me to sign it. I picked the statement up, and started to read it. I wanted to read what I was going to sign. One of them stood behind me. It was Mr. Welsh or Mr. Nichols [officers]. One of them hit me in the back of the head, and said: 'I told you to

sign it, not read it.' He doubled it back just so there was a blank space at the bottom of the paper, and told me to sign it.''

This testimony made a conflict in the evidence as to whether the written confession was or was not voluntarily made. This compelled a submission to the jury of the question whether or not the written statement, Exhibit 1, was obtained in a lawful manner. There was no error here. *State v. Pardoe*, 199 Iowa 842.

The judgment entered on the verdict is—*Affirmed.*

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.