STATE OF IOWA, Appellee, v. HAROLD A. PLUDE, Appellant.

No. 45498.

MARCH 11, 1941.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, Francis J. Kuble, County Attorney, and Walter W. Selvy, Assistant County Attorney, for appellee.

E. S. Thayer, for appellant.

WENNERSTRUM, J.—The appellant, Harold A. Plude, was indicted by the grand jury of Polk county, charged with the crime of robbery with aggravation. The appellant entered a plea of not guilty and upon trial was found guilty. He has appealed from the judgment of the court imposing sentence. The evidence shows that sometime during the early morning hours of December 19, 1939, Harry Wolfkill, an attendant at a filling station in Des Moines, Iowa, was robbed and that approximately $35 was taken from said Wolfkill and from the station of which he was in charge. Three young men had participated in the robbery, and the attendant, Wolfkill, after the arrest of the appellant, identified him as the person who held the gun on him during the time that the robbery was taking place. A few days after the commission of the crime the appellant, along with his two associates, was arrested in Council Bluffs, Iowa, and at that time he had in his possession a pistol. The

witness Wolfkill did not positively identify the pistol as being the same one held by the appellant at the time of the robbery but stated that it was similar in appearance to the one that he observed in the hand of the appellant.

The record shows that the appellant, along with the two young men previously mentioned, was returned to Des Moines from Council Bluffs in an automobile by L. O. Hardenbrook and Fred Sillick, both of whom are officers in the detective force of the Des Moines police department. They were questioned on their trip back from Council Bluffs but this appellant, as shown by the record, at that time denied any implication in, or any knowledge of, the robbery of which he was later charged. These men were held for several days in the custody of the Des Moines police department after their return to Des Moines on Saturday, December 24, 1939. At different intervals they were questioned by the officers as to their participation in the robbery of Wolfkill at the filling station. The testimony shows that on December 26, 1939, the appellant, along with his two associates, was further questioned by the officers. In the trial L. O. Hardenbrook, one of the officers, testified in substance as follows:

"We went over details of the robbery with all three of them. I asked McKinney if he was on that robbery and he said 'yes'. I asked Rusing if he was also on that robbery and he said 'yes', and I asked Plude if he was on that robbery and held the gun and he said 'yes' and then I told them that when they left that room [where they had been questioned] to go up in front. They were going up to the front with the intention of making a statement, and that all three of them knew that, and they were all taken up there so there could be no one who would think that the other was squawking on the other. We took a statement from Harold Plude. I questioned Plude. It was taken in shorthand by Mary Natale. Exhibit "C" is the statement taken in the assembly room, Tuesday afternoon, December 26th, * * *. I saw Harold Plude sign his name on pages one and two and then at the end of the statement."

The sole question raised by the appellant is in regard to the admissibility of Exhibit C, his purported confession. It

is the claim of the appellant that the confession was involuntarily obtained and because of that fact there was error in the admission of this exhibit by the court. The appellant's contention is based upon the facts brought out in the cross-examination of L. O. Hardenbrook, the officer, which is in substance as follows:

"In the first place they had two charges that were going to be charged against them. They were informed they were going to have two charges, one auto theft and one robbery with aggravation. They agreed to make a statement and intended to plead guilty to robbery with aggravation and guilty of stealing cars. I told them perhaps I might see the County Attorney and have the two sentences run together. I don't know what changed their mind. I can't read their minds."

It developed during the trial that there had been some statements made by the officers relative to the appellant's connection with the theft of an automobile that the officers claimed was used at the time of the robbery. It is the claim of the appellant that the statement made by the officer that he would see the county attorney and endeavor to have the possible two sentences run concurrently amounted to a promise of reward and that consequently any confession so obtained was involuntarily made. We are not impressed with this suggestion. In appellant's direct testimony he was interrogated by his counsel as to the reason why he made the statement, Exhibit C. The appellant responded:

"I made the statement because they were beating me and threatened me and beat us again. They got us three together and told us to agree. After we got together we found all three had been kicked around and at least we could get a fair trial when we went to trial."

We have read the appellant's entire testimony from the transcript and the only reason given by the appellant for making the statement, Exhibit C, is as above set forth. At no time did appellant personally maintain that he gave the statement because of any direct or implied promise made to him concerning his possible connection with the theft of an automobile.

 It is the further contention of appellant, in his objection to the ruling of the court admitting the confession in evidence, that the court was in error in permitting the admission of the confession, Exhibit C, prior to the time that the appellant had an opportunity to present his evidence as to the circumstances surrounding the obtaining of the confession.

It is the usual practice, and in fact it is the duty of the trial court, upon request of a defendant, to determine for itself, and in the absence of the jury, the facts relative to the obtaining of a confession. State v. Fidment, 35 Iowa 541, 542. There was no request for a preliminary examination by the court in the present case. Prior to the time of the admission of the confession, Exhibit C, there was an extended colloquy between counsel for defendant and the court, wherein defendant's counsel sought to reserve his objection to the exhibit until all the evidence was presented. After considerable discussion as to the mode of procedure and after the presentation of further evidence the exhibit was admitted in evidence. At no time prior to the admission of the confession did the defendant's counsel make a request that a preliminary investigation be made by the court as to whether the confession was involuntarily obtained and he did not ask that he be permitted to present evidence on that question to the court. The most that he asked was that the ruling on his objection be reserved until all the evidence was heard. The court did not permit this reservation. Having made no request for a preliminary investigation as to the admissibility of the confession, the defendant waived his right thereto. When it was offered in evidence the testimony was sufficient to justify its admission in evidence.

In the case of State v. Roland, 336 Mo. 563, 565, 79 S. W. 2d 1050, 1051, 102 A. L. R. 601, 603, we find the following comment relative to the question of waiver by a defendant of a preliminary investigation by the court as to whether the confession was involuntarily obtained:

"While trial courts should avoid the admission in evidence of an inadmissible confession, a duty also exists on defendants (as in other analogous instances) to be fair with the court and timely present evidence (defendant should know the circumstances under which a confession was obtained) showing the

incompetency of the confession; or, at least, request of the court a preliminary investigation as to the admissibility of the confession in evidence. To be timely, such action should be taken before the court rules on the offered evidence; and defendants who refrain from making such request or an offer of such evidence should not thereafter be heard to successfully assert error based on the admission of the confession." See also note to this same effect in 102 A. L. R., at page 625.

In Iowa the particular mode of dealing with the question of the admissibility of a confession is commented upon in the case of State v. Storms, 113 Iowa 385, 392, 85 N. W. 610, 612, 86 Am. St. Rep. 380, 385, where this court stated:

"It was the province of the judge to determine, as a preliminary question, whether the confessions were made with that degree of freedom to justify their admission in evidence, or, in case of doubt and of a conflict in the evidence, to submit the question to the jury, under proper instructions, and unless there was manifest error in admitting them in evidence, this court will not interfere. Fife v. Com. 29 Pa. St. 429. The matter rests peculiarly in the sound discretion of the trial judge, and, while his decision is subject to review, this court will not reverse on a question of fact, unless the finding is manifestly against the weight of the evidence. The trial court saw and heard the witnesses, and had better knowledge of the facts than we can possibly have; hence its conclusion will not be disturbed, unless clearly and manifestly erroneous." (Citing cases.)

The confession of the appellant definitely states that it was voluntarily given and without any offer of reward or promise of any leniency. In a situation such as this where the confession indicates that it was given freely and voluntarily the burden is on the defendant to show its incompetency and that it was involuntarily given. State v. Heinz, 223 Iowa 1241, 1253, 275 N. W. 10. Other authorities to this same effect are: State v. Icenbice, 126 Iowa 16, 101 N. W. 273; State v. Dunn, 202 Iowa 1188, 211 N. W. 850; State v. Kress, 204 Iowa 828, 216 N. W. 31; State v. Joy, 203 Iowa 536, 211 N. W. 213.

The consideration to be given to the confession by the jury was properly commented upon by the trial court in its

instructions. It should also be stated that the appellant in presenting his testimony alleged that he had been mistreated by the officers at the time of the obtaining of the confession. There was a conflict in the evidence in regard to this particular phase of the case and as to whether the confession was or was not voluntarily made and obtained in a lawful manner. This developed a jury question and this defense, as well as the question as to whether a promise, direct or implied, was made to the appellant, was properly submitted to the jury. See State v. Kress, supra; State v. Pardoe, 199 Iowa 842, 201 N. W. 75; State v. Storms, supra; State v. Wescott, 130 Iowa 1, 104 N. W. 341; State v. Von Kutzleben, 136 Iowa 89, 113 N. W. 484; State v. Foster, 136 Iowa 527, 114 N. W. 36.

Apparently by reason of the limited finances of the appellant, the abstract, as submitted by him, is limited to the evidence pertaining to the defense raised by the appellant. However, we have read the entire transcript. We find that the appellant had a fair trial, that the issues involved in his defense were properly submitted to the jury, and that the case should be affirmed.—Affirmed.

HALE, C. J., and STIGER, BLISS, OLIVER, MILLER, and GARFIELD, JJ., concur.