State of Iowa v. Martin Jay, Appellant.

**Confessions:** MUST BE FREE FROM INDUCEMENT. On a prosecution for horse theft, it was error to allow the officer who arrested defendant to testify that at the time of the arrest defendant told him that he had taken the horse and exchanged her with some horse traders; it having been shown that before such statement the officer had told defendant that it would go easier with him if he would tell where the horse was.

*Evidence.* On a prosecution for horse theft, the officer who made the arrest on cross-examination testified, in answer to questions, that "perhaps" he told defendant it would go easier with him if he told where the horse was, and on direct examination said he asked where the horse was and defendant said he wanted to do what was right; whereupon witness stated it would be easier for him. *Held,* that the substance of the testimony showed a statement by the officer that it would go easier with defendant if he would tell the whereabouts of the horse.

*Same.* It appearing that shortly after the arrest of defendant, he and the officer who had made the arrest met the sheriff, who in response to a question from accused as to whether there would be a prosecution, stated he was not the prosecutor, it was error to admit the sheriff's testimony that defendant then reiterated his statement as to the taking of the horse, as the reiteration must have been made in view of the previous assurance of the officer making the arrest.

*Appeal from Boone District Court.*—Hon. J. R. Whitaker, Judge.

Thursday, April 10, 1902.

The defendant, being accused and convicted of the larceny of a mare, appeals.—*Reversed.*

*Ganoe & Hollingsworth* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the state.

LADD, C. J.—In the course of the trial, George Keenhold was called as witness, and testified that as special deputy sheriff he arrested the defendant, and, being asked what was said by the latter, was first cross-examined as to the competency of any statements made by counsel for the defendant, as follows: "Q. You told him if he would tell where she was it would go easier with him, did you? A. I might have told him it would be better for him. The mare he had taken had been traded, and he wanted to tell where she was. After I asked him some statements, he said he would tell where the mare was. Q. That is, you asked him questions, as the testimony here shows, of Mr. Garner, that if he would tell this it would be easier for him? A. Perhaps I told him something like that; yes. Q. Didn't you, Mr. Keenhold, in fact, tell him that before Garner came up? A. Yes, sir; perhaps I did. Q. And, when you told him it would go easier for him if he would tell about it, then he told you before Garner came up about the horse? A. He told me; yes. He told me where he had traded the horse, and where he could probably find her." Direct examination continued: "When we were out at the well I told him I had a warrant for his arrest. He asked what for, and I told him. I asked him where the horse was. He said he wanted to do what was right, and I told him it would be much easier for him before a court or jury." Over the objection of the defendant, the witness was allowed to testify that the accused then stated that he had taken the mare alleged to have been stolen from the pasture of its owner, and exchanged her with some horse traders on the way to Ames, and pointed out the horse in the road as one he had received, and that the mare traded would likely be found with said traders between Ames and Nevada.

It is insisted that this testimony of defendant's statements was incompetent, because these were induced by the

promise or hope held out by Keenhold. It is elementary law that such statements must be entirely free and voluntary; that is, must not be extracted by any sort of threats or violence, nor any direct or implied promises however slight, in order to be admissible. It is not important to determine whether they amounted to a confession of guilt, or merely a declaration of facts tending to show guilt, for, as said in Greenleaf on Evidence, "the law excludes not only direct confessions, but any other declaration tending to implicate a prisoner in the crime charged, even though in terms it is an accusation of another or a refusal to confess." The evidence leaves no doubt but that the officer, before anything was said by Jay, assured him that it would go easier with him if he would tell where the mare, alleged to have been stolen, was, and we have only to determine whether this was sufficient inducement to justify the exclusion of the evidence. In 3 Russell Crimes (6th Ed.) page 478, it is said: "The law cannot measure the influence used, or decide upon its effect upon the mind of the prisoner, and therefore excludes the declaration if any degree of influence has been exerted." This rule is fully recognized in *State v. Storms* 113 Iowa, 385, and *State v. Novak* 109 Iowa, 717. See, also, *Bram v. U. S.* 168 U. S. 532 (18 Sup. Ct. Rep. 183, 42 L. Ed. 568); *State v. Chambers* 39 Iowa, 179. What was said by the officer flattered the hope of the defendant, and was certainly in the nature of an inducement to speak. It was equivalent to saying that it would be better for him if he would disclose the locality of the mare alleged to have been stolen. Many decisions are referred to in Bram's case where statements made by the prisoner were held inadmissible because of the language set out. Thus, in *Rex v. Griffin,* Russ. & R. 151, telling the prisoner that it would be better for him to confess; in *Reg. v. Garner,* 1 Den. Crown Cas. 329, saying, "It will be better for you to speak out;" in *People v. Barric,* 49 Cal. 342, saying to the accused, "It will be better for you to make a full disclosure;" in *Green v. State,* 88 Ga. 516 (15 S. E.

Rep. 10, 30 Am. St. Rep. 167), saying, "Edmond, if you
know anything, it may be best for you to tell it;" in *Biscoe v.
State,* 67 Md. 6 (8 Atl. Rep. 571), saying, "It will be better
for you to tell the truth and have no more trouble about it;"
in *State v. Drake,* 113 N. C. 624 (18 S. E. Rep. 166), saying
"If you are guilty, I would advise you to make an honest con-
fession; it might be easier for you; it is plain against you;"
in *Vaughan v. Com.,* 17 Grat. 576, saying to the accused,
"You had better tell all about it." See, also, cases collected
in 6 Am. & Eng. Enc. Law, 530 *se seq.* Precisely, what
words or conduct will constitute an inducement to make ad-
missions is often difficult to determine. Much necessarily
depends upon the surrounding circumstances, what had pre-
ceded the statement, and by whom made. Thus Parke, B.,
held, in *Reg. v. Moore,* 2 Den. Crown Cas. 523, an admoni-
tion to a person suspected of a crime that "she had better
speak the truth," did not vitiate a subsequent confession, be-
cause not made by one in authority, and in the course of the
opinion observed that an important consideration was
"whether the threat or inducement was such as to be likely
to influence the prisoner," and that "if the threat or induce-
ment was held out actually or constructively, by a person in
authority, it cannot be received, however slight the threat or
inducement." Here the suggestion that the condition of Jay
might be alleviated was made by the officer having him in
custody, immediately after the arrest. The situation was
such as that it can hardly be conceived the words spoken to
him could do otherwise than create in him the impression or
belief that admissions of guilt would secure for him a benefit
of some kind. Keenhold's testimony of statements made by
defendant should have been rejected.

    II. Within a few minutes Keenhold and defendant
met George Garner, sheriff of Boone county, whom Keen-
hold informed what Jay had said. The latter, after in-
quiring of Garner if he would prosecute, and being
told he was not the prosecuting witness, repeated what

he had said to Keenhold.    It seems that Garner did not sup-
pose Keenhold was an officer, and thought he first ar-
rested defendant.    But as he was not present he could not
have known what Keenhold did by way of making the ar-
rest.    Certainly what occured emphasized, rather than re-
futed, the fact that accused in what he said and did was in-
fluenced by what had previously transpired between him and
Keenhold, and for this reason Garner's testimony of state-
ments made to him should also have been rejected.    *State v.
Chambers,* 39 Iowa, 179.

III.    The state suggests that because of prefixing his
answers with "perhaps" it is doubtful whether Keenhold
made the statement. · The inference to be drawn from his
testimony as a whole is that he did, and this appears
to have been the view of the district court for the
issue as to whether he did was not submitted to the
jury.    See *State v. Chambers, supra.*   As other evidence will
necessarily be adduced on another trial, the remaining errors
assigned will not be likely to arise again.—REVERSED.