## STATE OF IOWA v. ELVIN ICENBICE, Appellant.

**Rape:** CHANGE OF VENUE. The affidavits in support of a resistance to
1 a motion for a change of venue in a criminal case, on the ground of excitement or prejudice in the county, are not required to negative any relationship between affiants and the complaining witness.

**Same.** An application for change of venue is addressed to the dis-
2 cretion of the trial court, and its order will not be interfered with on appeal in the absence of a showing of abuse of such discretion.

**Peremptory challenges.** Swearing of the jury in a criminal case
3 before the defendant had exhausted his peremptory challenges, was not reversible error, where he made no objection nor excepted thereto.

**Identity of defendant.** In a prosecution for rape, the confessions of
4 defendant constitute sufficient evidence to take the case to the jury on the question of his identity.

**Confessions.** Where a confession appears to have been voluntarily made, the burden is on defendant to show such coercion or inducement as to require its exclusion.

**Confession:** INSTRUCTIONS. Where the commission of rape by someone was fully shown, the fact that evidence of confessions of defendant was introduced to supply the corroboration required to connect defendant with the crime, did not require an instruction that he could not be convicted on his confession not made in open court.

**Venue:** INSTRUCTIONS. Where the venue is clearly proven and the necessity of proving the same is stated in an instruction relating to an included offense, the failure to so instruct in connection with the higher offense charged, is not error.

**Complaint of prosecutrix.** In rape, failure of the prosecutrix to make complaint affects only her credibility, and circumstances of excuse may be shown to negative any inference to be drawn from such failure.

*Appeal from Poweshiek District Court.*— HON. W. G. CLEMENTS, Judge.

TUESDAY, NOVEMBER 15, 1904.

THE defendant was indicted with others for the crime of rape, and on conviction of assault with intent to commit rape was sentenced to imprisonment in the penitentiary for the term of eight years. From this sentence he appeals. — *Affirmed.*

*W. R. Lewis* and *Tom H. Milner,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

McCLAIN, J.— The transaction which the prosecution sought to prove on the separate trial of this defendant under the indictment against him and others is the same as that sought to be proven by the prosecution on the several trials of one Orris Wolf, who has three times appealed to this court from conviction of assault with intent to commit rape under

the same indictment. See *State v. Wolf*, 112 Iowa, 458; 118 Iowa, 564; 100 N. W. 1123.

I. The trial court overruled a motion for change of venue, based on the ground of excitement and prejudice on the part of the people of Poweshiek county, in which the crime was committed, caused by the publication

1. CHANGE
OF VENUE.

of alleged facts and details of the crime in the newspapers circulated in that county prior to the trial, and also arising from the fact of several trials in the same county of other defendants charged with the same crime. This motion was supported by an affidavit sworn to by twelve citizens of the county, stating their belief that the defendant could not obtain a fair trial because of the excitement and prejudice of the people of the county against him. A resistance to this application was made, supported by an affidavit of twenty-eight citizens of the county stating that to their knowledge there had been no inflammatory articles published in the newspapers of the county regarding the alleged crime, that there was no excitement or prejudice in the county against defendant, and that defendant could obtain a fair and impartial trial in that county. Some comment is made by counsel on the affidavit in resistance on the ground that it does not show that affiants were not related to the prosecutrix, nor that they did not stand in relation to her of guardian or ward, employer or employé, or any other confidential relation; but it is sufficient to say that we find no requirement in the statute that such relations to the prosecutrix be negatived by those signing affidavits supporting the resistance to the application for a change. See Code, section 5346.

The application for a change of venue in a criminal case is addressed to the discretion of the trial judge, and he is required to decide the matter " according to the very right of it." See Code, section 5348. It is conceded

2. SAME.

by appellant that this court will not interfere with the conclusion of the trial court in ruling on the application for change except where there is a clear abuse of ju-

dicial discretion. *State v. McDonough,* 104 Iowa, 6; *State v. Edgerton,* 100 Iowa, 63; *State v. Weems,* 96 Iowa, 427. We see no occasion here for interfering with the action of the trial judge. The newspaper comments complained of are not set out in the application, nor shown by the affidavit in support of it, nor are we justified, on the mere allegation of excitement and prejudice resulting from previous trials involving the same transaction, denied as it is in counter affidavits, to find that the trial court abused its discretion in refusing to grant the change on that ground.

II. It is urged for the appellant that the jury was sworn before defendant had exhausted his peremptory challenges. The record shows that, after the court had called

3. PEREMPTORY. CHALLENGES.

on the prosecution and the defense alternately to exercise their peremptory challenges, twelve jurors being in the box, in each instance accepted for cause, the prosecution waiving its peremptory challenges, and the defendant, after interposing four peremptory challenges, having waived his two succeeding peremptory challenges, the court, without calling upon either of the parties to exercise another or further peremptory challenge, and the defendant not having waived any more or other of his peremptory challenges than the fifth and sixth, the jury was by the court duly sworn. Defendant at this time did not object to the swearing of the jury, nor ask to interpose any further challenges, and the case before us is thus distinguished from *State v. Hunter,* 118 Iowa, 686, on which counsel for appellant reply; for in that case counsel for defense protested that they had another challenge, and were not through with their challenges. The ruling of the lower court in that case was that the waiver of one challenge constituted a waiver of all other peremptory challenges to the same jurors. This ruling was held erroneous, but there is nothing in the opinion to require a reversal of the case before us, in the absence of any showing that the defendant expressed an intention to exercise further peremptory chal-

lenges, or objected to the swearing of the jury until his peremptory challenges were exhausted. Defendant in this case did not even except to the action of the court in swearing the jury, and in no way did he call the court's attention to the fact that his further right of peremptory challenge was being improperly cut off. Under such circumstances we must hold that no error was committed of which defendant can now complain.

III. It is contended that there was no evidence identifying defendant as the person who had the sexual intercourse with prosecutrix to which she testified. It is true that the prosecutrix as a witness failed to identify him; but his own confession, made to the officer who arrested him in Nebraska and to others after his arrest, constituted sufficient evidence of his identity to go to the jury; and we do not see how the jury could have had any reasonable doubt that he was the very person who committed the wrong upon prosecutrix of which she testified.

4. IDENTITY OF DEFENDANT.

IV. Complaint is made of the introduction in evidence of the testimony of the deputy sheriff who arrested defendant as to statements made by defendant to him, constituting, in effect, a confession. Where the confession appears to have been free and voluntary, the burden is upon the defendant to show coercion or inducement such as to require its exclusion. *State v. Storms,* 113 Iowa, 385. The fact that the defendant at the time of making the confession was in custody does not tend to indicate that it was involuntary. *State v. Peterson,* 110 Iowa, 647; *State v. Penney,* 113 Iowa, 691.

5. CONFESSIONS.

In this connection we may notice the objection that the court did not instruct the jury to the effect that a defendant cannot be convicted on his own confession, not made in open court, unless accompanied with other proof that the offense was committed. Code, section 5491. No such instruction was asked, and the case did not call for such an instruction. There was ample evidence

6. CONFESSIONS: instructions.

that the crime had been committed by some one; and at no stage of the proceedings had it been contended in behalf of the defendant that the prosecution rested on defendant's uncorroborated confession. The fact seems to be that, having proved the commission of the crime charged by the testimony of the prosecutrix, the prosecution introduced proof of the confession for the purpose of supplying the corroboration required in such cases to connect the defendant with the commission of the crime (Code, section 5488), and there is no reasonable question as to its sufficiency for that purpose.

V. It is urged that there is no evidence as to the venue of the crime, and that the court did not, in its instructions,

7. VENUE: instructions. require the jury to find that the crime was committed in Poweshiek county. It is true that in the preliminary instructions regarding the issue nothing seems to have been said as to the necessity of proving the venue; but in three instructions relating to included crimes, one of which was as to the offense of an assault with intent to commit rape, of which defendant was convicted, the jury were charged as to the necessity of finding that the defendant made the assault in that county with the intent to ravish, etc., and defendant could not possibly have been prejudiced by a failure to instruct as to the necessity of proving venue in connection with the charge relating to the higher offense for which he was put on trial. The evidence as to the venue was amply sufficient, and we need not go into its details.

VI. Much stress is laid by counsel on failure of the prosecution to show any complaint by prosecutrix after the commission of the offense. Such failure, however, affects only the credibility of her testimony, and cir-

8. COMPLAINT OF PROSECUTRIX. cumstances of excuse may be shown to be considered by the jury as negativing any inference to be drawn from the want of complaint. *State v. Peterson,* 110 Iowa, 647; *State v. Snider,* 119 Iowa, 15; *State v. Wolf,* 118 Iowa, 564. The instruction of the court as to the

weight to be given to the failure of prosecutrix to make complaint as a circumstance affecting her credibility is not complained of, and is not open to objection.

VII. Various objections are urged with reference to the introduction of testimony, but, without discussing them at length, it is sufficient to say that they are without merit. The defendant seems to have had a fair trial, and there is ample evidence to support the verdict.

The judgment of the trial court is therefore *affirmed*.