STATE OF IOWA, Appellee, v. ARTHUR E. GRIMM, Appellant.

No. 40539.

JUNE 20, 1931.

REHEARING DENIED SEPTEMBER 26, 1931.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, J. H. Graven, County Attorney, and C. G. Burling, for appellee.

John H. Meyers, for appellant.

ALBERT, J.—The first error complained of is that the court failed to define the crime of rape and included offenses.

By reading the instructions it will be found that while the court did not, in terms, give a definition of the crime of rape or assault with intent to commit rape, yet in the instructions given the court enumerated each and all of the elements that constituted either of these crimes. Under the circumstances, therefore, we hold there was no necessity, in the absence of a request from the defendant, for a specific definition of each of these crimes.

The instructions also covered assault and battery and simple assault. These two latter crimes were not defined, nor were the elements thereof set out in the instructions, but in the light of the verdict, we do not think there was prejudicial error in failing to define them.

As above stated, after having set out the elements of the crime of rape and instructing thereon, the court then set out the elements of the crime of assault with intent to commit rape and instructed thereon. If the jury had any doubt as to defendant's guilt of the crime of rape, the court then told them if the evidence warranted, they might find the defendant guilty of assault with intent to commit rape. This protected the interests and rights of the defendant so far as was necessary, and the failure of the court to define assault and battery and assault, under these circumstances, was not prejudicial error.

When defendant's wife was on the stand in his behalf she was asked if she did not hear the prosecuting witness tell the sheriff that ''Arthur Grimm was responsible for her pregnant condition.'' This was objected to and sustained by the court. She was then asked ''whether or not, at the time and place, at her father's home, on Wednesday morning, being in

March and being the day her husband was arrested, did you say to the sheriff, Burma, in words or substance, that you believed your husband was guilty of the crime charged against him by Ardath Copeland.'' This question was objected to and the objection sustained. The prosecuting attorney then said he wanted to use this as a basis for a further question of impeachment. To this, defendant's counsel objected and the court said ''the ruling may stand. It is incompetent and not proper impeachment.''

This condition of the record does not warrant us in saying that the conduct of counsel was reprehensible and should be a basis for prejudicial error.

The principal basis of defendant's assault on the proceeding is that there was no testimony corroborating the prosecuting witness as segregating or pointing out the defendant as the person who committed the crime. It is a settled rule in this State that the testimony of the prosecutrix alone is sufficient to prove that a rape had been committed on her. The last expression of the court on this matter is in State v. Speck, 202 Iowa 732. But this does not, in itself, make a case for the State. Her testimony must be corroborated. Section 13900, Code, 1927, provides as to the crimes of this character, the defendant ''can not be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense.''

It is to be noted here that the corroboration required is not a corroboration of the testatrix's testimony as to the fact that rape has been committed on her, but when she testifies that the defendant is the man who perpetrated the crime, she must be corroborated in this respect. In other words, the corroboration required is such testimony as, aside from the testimony of the prosecutrix, points to the defendant as the guilty party. Her saying that he is the party is not sufficient. Aside from her testimony, there must be other and outside testimony which points out the defendant as the guilty party. State v. Robinson, 170 Iowa 267; State v. Kessler, 189 Iowa 567; State v. Speck, 202 Iowa 732, and cases therein cited. We therefore turn to the record in this case to see whether this required corroboration is shown.

Ardath Copeland, the prosecutrix, is the sister-in-law of the defendant, Arthur E. Grimm. At the time in controversy here-

in, she was 15 years of age and the defendant 33. The defendant was married to the prosecutrix's sister, Helen, in 1923. He was engaged as a janitor in a bank and two churches at Parkersburg, Iowa, where he lived, and also delivered the Des Moines Register every morning on a rural route. Prosecutrix lived with her parents on a farm near Clarksville and was in the eleventh grade of the high school at that place. She frequently visited her sister, defendant's wife, and was so visiting on August 24, 1929, on which day the defendant started, about 2 o'clock in the morning, on his route delivering newspapers. He took this girl with him in an automobile and she testifies that the intercourse took place on a by-road in the country about 4 o'clock in the morning, against her wishes, and that she resisted as far as within her power. This occurrence was on Saturday. She further says that on the following Monday evening, about 8 o'clock, he took her to the Beaver Valley Bank where he was janitor; that they went into the basement to fix the furnace and he again had intercourse with her there, over her objections and protests. Again, on September 1st, when a party went to the river camping, she went with the defendant in an automobile to take the tent and put it up, and before the rest of the party reached the camping ground, he had intercourse with her. She testified that on the 12th or 13th of October, when she was at the defendant's house, the defendant went down to the church to prepare the building for Sunday services, and against her protest, she was taken along by the defendant, and he then had intercourse with her on one of the seats in the church. Again, on November 4th she testifies to an act of intercourse at the defendant's home and another act was testified to have occurred in the church basement on December 6th. On motion for an election, the State elected to stand on the occurrence of October 12th or 13th, 1929.

Prosecutrix testified that she never had sex relations with any man other than the defendant, and it is shown that she was pregnant at the time of the trial. The details need not further be stated.

That some one had intercourse with this girl and she was less than 16 years of age, is put beyond doubt by the evidence in the case. She testified that the defendant is the guilty party, and the question is whether or not the State has introduced any

evidence which corroborates her statements pointing out the defendant as the guilty party. No good purpose would be accomplished by setting out the detailed history of these transactions. The defendant admits,—or at least does not deny,—that he was with this girl alone at the times and places specified by her. Opportunity alone, however, is not sufficient to constitute the required corroboration. There are a number of incidents developed in the testimony of these various witnesses which point toward the defendant as the guilty party, among others, the defendant, after being arrested at Waterloo, was brought back to the home of the prosecuting witness in an automobile, and his wife came out to the car to talk to him. The sheriff testified that the defendant asked her to get into the back seat with him, that she did and she (defendant's wife) in the presence of the sheriff, said to Art (the defendant) "why did you do that, that is the question," or something to that effect, and Art said "I don't know." She said, "Art, you have done wrong and you must be punished for it. Will you do whatever is right?" or words to that effect, and Art said, "I will do the best I can," or words to that effect.

As we read the record, while the corroborative testimony was not strong, we think it sufficient to carry the case to the jury, and it was for them to determine the weight and value thereof under proper instructions which were given by the court. We find no reversible error in the case.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.