STATE OF IOWA, Appellee, v. LA VERNE BANKS, Appellant.

No. 45003.

March 5, 1940.

Carl E. Patterson and Ted E. Hartung, for appellant.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, and Francis J. Kuble, County Attorney, for appellee.

Miller, J.—Defendant entered a plea of not guilty to an indictment, accusing him of having raped a female child under the age of 16 years. The jury returned a verdict of guilty. Motion for new trial was overruled and defendant was sentenced to the penitentiary at Anamosa for a period of not more than 15 years. Defendant appeals therefrom.

One of appellant's contentions is that the evidence was insufficient to sustain a verdict of guilty and that the court erred in overruling his motion for a directed verdict and the motion for a new trial, each being based upon such contention. The prosecutrix testified to the perpetration of the offense, and all the necessary details thereof. The testimony of her parents established her age as 14 years at the time. The only additional evidence necessary was corroboration of prosecutrix, required by section 13900 of the Code, 1935, tending to connect the defendant with the commission of the offense.

In the case of State v. Grimm, 212 Iowa 1193, 1195, 237 N. W. 451, 452, we state:

"It is a settled rule in this State that the testimony of the prosecutrix alone is sufficient to prove that a rape had been committed on her. The last expression of the court on this matter is in State v. Speck, 202 Iowa 732 [210 N. W. 913]. But this does not, in itself, make a case for the State. Her testimony

must be corroborated. Section 13900, Code, 1927, provides as to the crimes of this character, the defendant 'can not be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense.'

"It is to be noted here that the corroboration required is not a corroboration of the testatrix's testimony as to the fact that rape has been committed on her, but when she testifies that the defendant is the man who perpetrated the crime, she must be corroborated in this respect. In other words, the corroboration required is such testimony as, aside from the testimony of the prosecutrix, points to the defendant as the guilty party. Her saying that he is the party is not sufficient. Aside from her testimony, there must be other and outside testimony which points out the defendant as the guilty party. State v. Robinson, 170 Iowa 267 [152 N. W. 590]; State v. Kessler, 189 Iowa 567 [178 N. W. 513]; State v. Speck, 202 Iowa 732 [210 N. W. 913], and cases therein cited."

To the same effect, see State v. Diggins, 227 Iowa 632, 288 N. W. 640, and cases therein cited. Accordingly, our inquiry is limited to that testimony, other than that of prosecutrix, which tends to connect defendant with the commission of the offense. The sheriff testified that defendant admitted having intercourse with prosecutrix on two occasions and that, in the presence of himself and two of his deputies, defendant signed a written confession to that effect. The confession was introduced in evidence. The testimony of the sheriff and the deputies was to the effect that the confession was made voluntarily and without improper promises or threats being made. The defendant did not deny that he made such statements to the sheriff and signed the confession nor did he introduce any evidence disputing that of the sheriff and his deputies concerning the manner in which the confession was obtained. The abstract shows no objection to its introduction in evidence. The evidence was clearly sufficient to meet the requirements of section 13900 of the Code.

The defendant did deny that he had intercourse with the prosecutrix and her testimony was at times uncertain and conflicting. However, the credibility of the witnesses was for the jury to determine. As we have often said, it is neither our duty

nor privilege to determine the facts, but solely to decide what the jury was warranted in finding them to be. There is no merit in the appellant's contentions regarding the sufficiency of the evidence.

Appellant urges numerous complaints regarding the court's instructions to the jury. We doubt that any of them are stated in such manner as to merit our consideration. Nevertheless, we have carefully examined all of the court's instructions and have considered all of appellant's contentions in regard to them. We find nothing that warrants a reversal.

■ Appellant complains of certain statements made by the county attorney in his closing argument. There was no objection interposed and no exception taken at the time. The complaint was first made in the motion for new trial. It was raised too late to be considered. State v. Lounsbury, 178 Iowa 555, 159 N. W. 998; State v. Sale, 119 Iowa 1, 92 N. W. 680; State v. Hutchinson, 95 Iowa 566, 64 N. W. 610.

■ One ground for the motion for new trial was based upon the affidavit of two jurors stating, "We received a newspaper during our deliberation and the contents contained therein stated that the jury in the case of State of Iowa v. LaVerne Banks would be locked up over Memorial Day and this statement made us find the defendant guilty." This affidavit constituted an attempt by two jurors to impeach the verdict upon a matter that inhered in it. It presented nothing that the court could or should have considered. State v. White, 205 Iowa 373, 217 N. W. 871; State v. Snyder, 185 Iowa 728, 171 N. W. 8; State v. Brennan, 185 Iowa 73, 169 N. W. 744; State v. Rand, 170 Iowa 25, 151 N. W. 1078; State v. Teale, 162 Iowa 451, 142 N. W. 235; State v. Lauderbeck, 96 Iowa 258, 65 N. W. 158.

■ Appellant contends that the sentence is excessive and should be reduced, relying upon State v. Spears, 130 Iowa 294, 106 N. W. 746, and State v. Young, 135 Iowa 554, 113 N. W. 325. Such decisions were made prior to the enactment of the statute, which appears as section 12966-a1 of the Code, 1935, and provides that, when a lesser than the maximum sentence is pronounced, the prisoner shall be subject to the jurisdiction of the board of parole. The sentence imposed upon appellant is less than the maximum. He is subject to the jurisdiction of the

board of parole. Any relief to which he may become entitled must be sought there.

We have carefully examined the entire record herein and have considered all of appellant's contentions. We find nothing which warrants a reversal. The judgment is affirmed.—Affirmed.

HAMILTON, C. J., and BLISS, HALE, STIGER, SAGER, and OLIVER, JJ., concur.