STATE OF IOWA, Appellee, v. RAYMOND E. STRABLE, Appellant.

No. 45223.

AUGUST 6, 1940.

C. A. Robbins, Jno. Connolly, Jr., and C. I. McNutt, for appellant.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, and Shirley A. Webster, County Attorney, for appellee.

MILLER, J.—As is to be expected in cases of this character, the principal witness to the perpetration of the crime charged was the prosecutrix. She testified to all the necessary details, and, her age having been properly established, the evidence was sufficient to sustain a verdict of guilty if the requirements for corroboration, imposed by section 13900 of the Code, 1935, were met. State v. Banks, 227 Iowa 1208, 290 N. W. 534; State v. Diggins, 227 Iowa 632, 288 N. W. 640; State v. Grimm, 212 Iowa 1193, 1195, 237 N. W. 451, 452, and cases cited therein. The first complaints, made by appellant, challenge the competency and sufficiency of the evidence, other than that of the prosecutrix, which tends to connect appellant with the commission of the offense. Most of this evidence consisted of testimony of the sheriff and his deputy to the effect that appellant admitted to them that he committed the offense.

The prosecutrix testified that the crime was perpetrated upon her by appellant in November 1938. The sheriff testified that, about 7:30 p. m. on August 26, 1939, he met appellant on the square in Winterset, called him over and told him that the county attorney wanted to talk to him in his office. At that time the sheriff had a warrant for his arrest, had had it for two or three days, but he did not place him under arrest or take him before a magistrate. Appellant accompanied the sheriff to the office of the county attorney where they met, through prior arrangement, the county attorney and a deputy sheriff. These four were the only ones present. The county attorney said: "I have been hearing quite a lot of talk out in your neighborhood about you and the Paullin girl. What is there to it?" Appellant replied: "Absolutely nothing to it." The sheriff said: "Oh, Hell, Ray, you might as well tell us the truth. The Paullin girl has told us about the whole thing." Appellant hesitated a minute, licked his lips, turned red in the face, and said: "What is the easiest way

out of it?'' The county attorney said: ''Usually the easiest way is to tell the truth.'' Appellant then admitted having had intercourse with the girl, giving the times and places. The county attorney asked appellant if he knew how old the girl was and he said he knew she was only 14 years of age. At the end of the conversation the county attorney advised appellant what the penalty was and the sheriff advised him that, upon a plea of guilty, there would be no objection made to the parole board granting a parole.

The sheriff also testified that, during this conversation, appellant was not threatened with any force, there was no loud or angry talk and appellant's statements were entirely voluntary. At the conclusion of the conversation, the sheriff read the warrant to appellant. He was asked if he wanted to go before a magistrate or wanted to think things over. He chose the latter and was taken to jail. Appellant was at the office of the county attorney from 30 to 45 minutes. After appellant was in jail and had talked to his attorney, the sheriff talked to him alone in his cell and he again admitted having had intercourse with the prosecutrix.

Appellant's testimony differed from that of the sheriff in several respects. He quoted the sheriff as saying: ''Hell, there isn't no use going behind the bush, Ray. You had just as well tell the truth. We've got the goods on you''; and the county attorney as saying: ''You had just as well plead guilty, and it will be better for you''; that the county attorney read the penalty of five years to life and the sheriff said: ''Well, if you would plead guilty, we would recommend a five year sentence with a parole and I wouldn't throw any stones in your way if you did, after you came back''; that he then asked them what would be the best way out of it and the sheriff and county attorney both said: ''My advice would be to tell the truth''; he then admitted having had relations with the girl but his statements were not the truth; he was scared and excited because of his wife's health and supposed he was under arrest; he was also concerned over a slander suit that had

been threatened by the girl's parents against his wife. Appellant denied having made many of the statements that the sheriff's testimony attributed to him. He testified that the only loud talk occurred when the sheriff said: "Oh, Hell, Ray, you might just as well tell the truth about it", and no one threatened to strike him.

The testimony of the deputy sheriff tended to corroborate the testimony of the sheriff in those particulars where it differed from that of appellant.

The court submitted to the jury the following special interrogatory:

"In addition to your general verdict, the jury will find and determine under the evidence submitted herein, and in accordance with these instructions, an answer to the following special interrogatory.

"Interrogatory No. 1.

"Do you, under the evidence, and in accordance with these instructions, find that the alleged confession made by defendant, Raymond E. Strable, if any, in the office of the County Attorney of Madison County, Iowa, on or about August 26th, 1939, was made by reason of any assurance of leniency, or other inducement, held out to him, at the time said alleged confession was made, by the County Attorney, or Sheriff, or either of them?

"You will answer the above special interrogatory by 'yes' or 'no', as you may find the fact to be."

The answer was, "No."

We have not undertaken to set out all of the testimony that was given by appellant, the sheriff and his deputy, but that which has been reviewed reflects the substance of the testimony. There is a direct conflict between the appellant on the one hand and the sheriff and his deputy on the other, regarding an offer of leniency prior to appellant's confessing that he was guilty of the crime. Such evidence as appellant gave in reference to threats or force is controverted by the testimony of the sheriff and his deputy.

■ I. Appellant contends that the testimony is undisputed that the alleged confession was involuntary, because induced by promises of leniency and fear of threatened injury and, accordingly, the securing of such confession constituted a denial of due process of law in violation of sections 9 and 10 of Article I of the Constitution of the state of Iowa and section 1 of the fourteenth amendment to the Constitution of the United States. Appellant relies upon the rule announced in Chambers v. Florida, 136 Fla. 568, 187 So. 156, 309 U. S. 227, 60 S. Ct. 472, 84 L. Ed. 716, and Brown v. Mississippi, 297 U. S. 278, 56 S. Ct. 461, 80 L. Ed. 682. The evidence herein is not of that undisputed character, which the rule of such cases requires. Appellant's contention is without merit.

■ II. Appellant next contends that the court should have sustained his objections to the testimony of the sheriff and his deputy, pursuant to the rule applied by us in State v. Thomas, 193 Iowa 1004, 1011, 188 N. W. 689, 692, wherein we state:

"The objection is grounded upon the familiar rule that a confession of guilt by a person charged with crime is admissible in evidence against him only when it has been freely and voluntarily made, without having been induced by any promised benefit or fear of threatened injury. State v. Chambers, 39 Iowa 179; State v. Jay, 116 Iowa 264 [89 N. W. 1070]; State v. Fidment, 35 Iowa 541."

And again, at page 1021 [page 696 of 188 N. W.], we therein state:

"There is some confusion in the authorities upon this proposition; but it is settled in this state that, where the free and voluntary character of the statements relied upon as a confession is the subject of dispute or conflict in the evidence, the question may properly be submitted to the jury. State v. Storms, supra [113 Iowa 385, 85 N. W. 610, 86 Am. St. Rep. 380]; State v. Bennett, 143 Iowa 214 [121 N. W. 1021]. If, however, it clearly appears from the record that the alleged

confession was not freely and voluntarily made, or if the State, by its own evidence, negatives these essentials to its use in evidence, it is the duty of the court to sustain the objection and refuse its submission to the jury. State v. Chambers, 39 Iowa 179; State v. Jay, 116 Iowa 264 [89 N. W. 1070]."

The evidence in the Thomas case was very different from the record before us herein. We do not think that the result there reached should be reached herein.

In State v. Beltz, 225 Iowa 155, 162, 279 N. W. 386, 390, we state:

"We have no statute in the State of Iowa requiring police officers to warn persons in custody that all statements made by them will be available to the prosecution in the trial of a case. Ordinarily in the absence of such a statute, there is no duty on the part of law-enforcing officers to so caution prisoners, and statements or confessions made without such cautioning or warning are admissible in evidence. The general rule in reference thereto is stated in 16 Corpus Juris 723 and 724, as follows:

" 'In the absence of a statute requiring caution or warning, the fact that a voluntary confession was made without accused having been cautioned or warned that it might be used against him does not affect its admissibility.'

"The sole test in this state as to the admissibility of inculpatory statements or confessions is: Were the same voluntary or not?"

In State v. Heinz, 223 Iowa 1241, 1253, 275 N. W. 10, 17, we state:

"Where a confession appears on its face to be free and voluntary the burden is on the defendant to show it is incompetent. State v. Storms, 113 Iowa 385, 85 N. W. 610, 86 Am. St. Rep. 380; State v. Icenbice, 126 Iowa 16, 101 N. W. 273. * * *

"Defendant did not deny that he made the admissions testified to by the State's witnesses.

"The only conflict in the evidence is made by the testi-

mony of the defendant who claims the confession was involuntary.

"The defendant was subjected to oral examination by the county attorney and sheriff from about 11:00 o'clock at night until about noon the next day. He testified he was not permitted to sleep during this time. There were intervals during which he was not examined. He was taken to the funeral home and was compelled to watch a part of the post mortem examination.

"The defendant did not request an attorney and, had he done so, the fact that he was not represented by counsel at the time he signed the confession would not render it involuntary. State v. Neubauer, 145 Iowa 337, 124 N. W. 312. The evidence was in plain contradiction and it follows the court was right in submitting the question to the jury."

In the Heinz case we were required to go much further to sustain the admissibility of the confession than is required by the record herein. We are satisfied that appellant's objections to the admissibility of the testimony of the sheriff and his deputy were properly overruled. The question, whether appellant's admissions were freely and voluntarily made, was a disputed question of fact for the jury.

III. Appellant contends that the court should have directed a verdict in his favor, because there was no competent evidence to corroborate the prosecutrix. Having determined otherwise on the competency of the evidence, there is no merit in such contention. The admissions of appellant, as testified by the sheriff and his deputy, were sufficient corroboration to warrant submitting the case to the jury. State v. Banks, 227 Iowa 1208, 290 N. W. 534.

IV. Appellant objected to the testimony of prosecutrix that she told her sister, Ruth Ann, about having had intercourse with appellant, the conversation occurring "the first night he was there". The objection asserted was that the testimony was "wholly incompetent, irrelevant and immaterial, no showing was made as to this being a part of the

*res gestae,* or spontaneously made, in protest.'' We have held repeatedly that where the testimony concerning declarations of the prosecutrix goes further than to show the fact of a complaint and includes details of the complaint, the complaint must be a part of the res gestae. State v. Andrews, 130 Iowa 609, 610, 105 N. W. 215; State v. Novak, 151 Iowa 536, 538, 132 N. W. 26. However, where the prosecutrix is the witness and is called upon to testify solely that a complaint was made within a reasonable time after the assault, the testimony is competent as affecting the credibility of the prosecutrix, even though it does not form a part of the res gestae. State v. Bebb, 125 Iowa 494, 495, 101 N. W. 189; State v. Peterson, 110 Iowa 647, 649, 82 N. W. 329; State v. Symens, 138 Iowa 113, 115, 115 N. W. 878; State v. Powers, 181 Iowa 452, 462, 164 N. W. 856. Failure of the state to show complaint by the prosecutrix affects only her credibility. State v. Icenbice, 126 Iowa 16, 21, 101 N. W. 273. The testimony here objected to was competent as affecting the credibility of the prosecutrix. The testimony did not show the details of the complaint, merely the fact that a complaint was made ''the first night he was there''. Under our repeated holdings, this testimony was competent. The court did not err in admitting it.

V. Appellant complains of the court's ruling on an objection to testimony of the sheriff regarding statements made by appellant's wife. The testimony was admitted solely for purposes of impeachment. Proper foundation was laid in the cross-examination of the wife. There was no error in the court's ruling.

VI. Appellant challenges the competency of certain testimony given by Raymond and Mabel Paullin. No objection to such testimony was made at the trial. The objections now raised in this court come too late. State v. McLaughlin, 44 Iowa 82, 84.

VII. Objection is made to certain instructions given to the jury. The instructions have been carefully examined. We find no merit in appellant's contentions.

■ VIII. During the jury's deliberations, they requested the court to read to them the testimony of the sheriff, his deputy, and appellant. The request was modified and the testimony of the sheriff was read to the jury. The foreman then said: "I believe what he has read is sufficient." Counsel for appellant excepted and, after the jury had again retired, requested that all of the testimony of the deputy and appellant be also read. This request was denied, because of the jurors' statement that sufficient record had been read. There was no error in such ruling. State v. Perkins, 143 Iowa 55, 120 N. W. 62, 21 L. R. A., N. S., 931, 20 Ann. Cas. 1217.

We have carefully examined the record. We find nothing that would require or warrant a reversal. The judgment is affirmed.—Affirmed.

HALE, OLIVER, STIGER, BLISS, and HAMILTON, JJ., concur.

RICHARDS, C. J., and MITCHELL and SAGER, JJ., dissent as to division IV.