**UNITED STATES of America,**
Libelant-Appellee,

v.

**An Article of Device . . . DIAPULSE MANUFACTURING CORPORATION OF AMERICA, Claimant-Appellant.**

No. 253, Docket 31720.

United States Court of Appeals
Second Circuit.

Argued Jan. 9, 1968.

Decided Jan. 30, 1968.

Milton A. Bass, New York City (Bass & Friend, New York City, on the brief), for claimant-appellant.

Jon O. Newman, U. S. Atty., District of Connecticut, Hartford, Conn. (William W. Goodrich, Asst. Gen. Counsel for Food and Drugs, and Charles K. Marr, Atty., U. S. Dept. of Health, Education and Welfare, on the brief), for libelant-appellee.

Before SMITH, KAUFMAN and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Claimant Diapulse Manufacturing Corporation of America appeals from a judgment entered on a jury verdict March 31, 1967, amended on April 25, 1967 (District Court for the District of Connecticut, M. Joseph Blumenfeld, Judge), condemning a "Diapulse" device under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. We find no error and affirm the judgment.

A Libel of Information filed on December 17, 1965 in the United States District Court for the Northern District of Georgia alleged that the device, a pulsed high frequency generator similar to a conventional diathermy unit but with a lower output, had been shipped in interstate commerce and was misbranded when introduced into and while in interstate commerce within the meaning of 21 U.S. C. § 352(a), in that its labeling, 16 pieces of printed and graphic matter seized with the device in the possession of an Atlanta chiropractor, contains statements which represent and suggest that the device is adequate and effective for some 121 different disease and related conditions, which statements are alleged to be false and misleading. After the intervention of the claimant, the action was removed to the District of Connecticut. See 21 U.S.C. § 334 (Supp. 1967).

The District Court, in its discretion pursuant to 21 U.S.C. § 334(d) (Supp. 1967), gave the claimant an opportunity to relabel the device to bring its labeling within the law, rather than ordering that the device be destroyed.

■ The appeal is based upon five claims. The first is that since the government's witnesses admitted that there is an honest difference of opinion among medical experts with respect to the issues of effectiveness raised in the libel, there could be no proof that the statements were false in fact. It follows, appellant argues, that the issues should never have been submitted to the jury.

Appellant cites United States v. 7 Jugs, etc., of Dr. Salsbury's Rakos, 53 F.Supp. 746 (D.Minn.1944). That case lends no support to the appellant's argument, for the court there held that where there is shown to be a standard of demonstrable truth, the jury should be allowed to measure the claims of effectiveness which have been made. 53 F.Supp. at 758. As Judge Blumenfeld said in ruling on the motion for judgment notwithstanding the verdict and for a new trial, "In this case, the evidence demonstrated the existence of scientific standards capable of testing the degrees of effectiveness of a product." It was proper to submit the issues to the jury. Cf. United States v. 47 Bottles, More or Less, Jenasol R J Formula "60," 320 F.2d 564, 571 (3 Cir. 1963).

■ Appellant's second claim is that the judgment is defective in making a general finding in favor of the government when, so it is alleged, the jury issued a special verdict in which it found for the appellant on 72 of the 121 issues. Although the form submitted to the jury on which the 121 issues were listed is headed "Special Verdict Form," there was no special verdict in this case. Judge Blumenfeld clearly instructed the jury that if they found one or more false claims of effectiveness, in the labeling, their verdict should be for the government. He then requested that if their verdict should be for the government, they should write "Yes" in the blank space before each disease, condition, etc. listed on the form as to which they found that false or misleading claims had been made. At another point in the charge, he instructed the jury only to pick out those which they thought went to the heart of the government's claims. His reason in doing this was, as he explained, to help prevent the possibility of compromise among the jurors, and to require instead that they reach agreement on at least one claim before finding for the government. The jury returned a general verdict: "In this case the jury finds the issues in favor of the libelant and therefore finds that the device is mis-

branded." Clearly, the action taken by the court in also requesting the jury to specify some of the claims which it found false or misleading was the submission of special interrogatories, and not a request for a special verdict. Compare Rule 49(a) with Rule 49(b), Federal Rules of Civil Procedure.

■ Appellant argues that a general judgment in an action such as this destroys its meaning, for the very purpose to be accomplished would appear to be adjudication of each of the 121 issues raised. This misconstrues the purpose of the action, which is to protect consumers from misbranded products and condemn the machine (or drug, etc. as the case may be) if it is found to be misbranded. See Hipolite Egg Co. v. United States, 220 U.S. 45, 54–55, 31 S.Ct. 364, 55 L.Ed. 364 (1911); and United States v. Sullivan, 332 U.S. 689, 68 S.Ct. 331, 92 L.Ed. 297 (1948). 21 U.S.C. § 352 provides in relevant part: "A drug or device shall be deemed to be misbranded—(a) If its labeling is false or misleading *in any particular.*" [Emphasis added.]

■ Appellant next contends that the Trial Court changed the issues raised by the libel. By picking and choosing among the sentences constituting the charge to the jury, the appellant asserts that the jury was instructed to find for the government if it found *any* false or misleading claims in the labeling. A fair reading of the whole charge, together with consideration of the special interrogatories, makes it clear that the jury was instructed to confine its attention to the claims specified in the libel, and did so.

■ It is argued that because there was a general judgment, and it is not clear what the jury specifically found, appellant will not be able to properly relabel its product. As Judge Blumenfeld said: "Claimant mistakes the purpose of a court. It is not a pharmaceutical testing house." Admittedly it would be easier for the claimant in an action such as this to go forward with relabeling its product if the judgment were

more specific, but the purpose of the action is simply to condemn the drug, machine, etc. if misbranded (see discussion above), and the action is provided for by statute. The initial determination of the legality of the new labeling is for the administrative body.

■ It is also claimed that the court changed the issues raised by .the libel when it instructed the jury that it could find for the government if it found that there was a difference of opinion among medical experts which was not disclosed in the labeling. Appellant contends that this was a new issue, not raised by the libel or by interrogatories. But this was not a new issue. 21 U.S.C. § 321(n) reads:

If an article is alleged to be misbranded because the labeling is misleading, then in determining whether the labeling is misleading there shall be taken into account (among other things) not only representations made or suggested * * * but also the extent to which the labeling fails to reveal facts material in the light of such representations or material with respect to consequences which may result from the use of the article to which the labeling relates under the conditions of use prescribed in the labeling thereof or under such conditions of use as are customary or usual.

This has been read broadly, and not improperly, in 21 C.F.R. § 1.3:

The existence of a difference of opinion, among experts qualified by scientific training and experience, as to the truth of a representation made or suggested in the labeling is a fact (among other facts) the failure to reveal which may render the labeling misleading, if there is a material weight of opinion contrary to such representation.

Cf. Research Laboratories, Inc. v. United States, 167 F.2d 410, 422 (9 Cir. 1948).

■ Appellant's fourth point is that it was error for the District Court to rule, as a matter of law, that reprints of medical articles constitute "labeling" within the meaning of the statute. It is

argued that an article, journal or book does not become labeling for any drug or medical device which a doctor (or chiropractor) may have in his office. That is no doubt true. See United States v. 24 Bottles "Sterling, Vinegar, & Honey, etc." (Balanced Foods, Inc.), 338 F.2d 157 (2 Cir. 1964), cited by appellant. But the essential question is whether the printed material seized with the device supplements or explains the device—it is the textual relationship, not physical attachment, which is significant. See Kordel v. United States, 335 U.S. 345, 69 S.Ct. 106, 93 L.Ed. 52 (1948); and United States v. Urbuteit, 335 U.S. 355, 69 S.Ct. 112, 93 L.Ed. 61 (1948). Here, the claimant admitted distributing all of the material seized with the device. A reprint of a "medical article" need not be treated differently from other printed material alleged to constitute labeling. See United States v. Hoxsey Cancer Clinic, 198 F.2d 273 (5 Cir. 1952), cert. denied 344 U.S. 928, 73 S.Ct. 496, 97 L.Ed. 714 (1953). The "Balanced Foods" case, supra, the only authority cited by appellant on this point, involved a store which carried both a mixture of vinegar and honey and a book which misleadingly recommended vinegar and honey as a remedy for various conditions, etc. This court held that there was no evidence of joint promotion of the mixture and the books, and that no inference could be drawn that the books were sold for the purpose of promoting the sale of the mixture. The line is to be drawn, it was held, in terms of the function served by the writing. This is entirely consistent with the holding here.

Appellant's last point is that it was error to allow the introduction of evidence, including opinion testimony, about a medical device called "Theramatic," because that device and appellant's device are not the same. On the evidence adduced, it was not error to hold that the machines were sufficiently similar to allow introduction of evidence as to "Theramatic," for purposes of evaluating "Diapulse".

Judgment affirmed.